# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2203013250 |
| | ) | |
| | ) | |
| | ) | |
| ISAIAH BOYKIN, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: February 6, 2024
Decided: February 26, 2024

*On Defendant's Motion for Speedy Trial;*

**Denied**.

## MEMORANDUM OPINION AND ORDER

William H. Leonard, Esq. and Thomas J. Williams, Esq. of the Department of Justice, *Attorneys for Plaintiff.*

Raymond D. Armstrong, Esq*., Attorney for Defendant.*

**WINSTON, J.**

## I.   INTRODUCTION

Defendant, Isaiah Boykin, moves to dismiss all charges against him for violation of his right to a speedy trial under the Sixth Amendment to the United States Constitution and Article 1, Section 7 of the Delaware Constitution.  The State argues that the delay is equally attributable to both the State and Mr. Boykin.  For the following reasons, Mr. Boykin's Motion for Speedy Trial is **DENIED**.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Mr. Boykin was arrested on April 7, 2022, then indicted on August 15, 2022, on charges of Burglary First Degree, Attempted Robbery First Degree, Conspiracy Second Degree, Possession of a Firearm During the Commission of a Felony, Possession of a Firearm by a Person Prohibited, Kidnapping First Degree, Assault Second Degree, and Terroristic Threatening.[1]

The Scheduling Order in this case was issued on October 25, 2022, which established the following deadlines: First Case Review: November 21, 2022; Final Case Review: March 6, 2023, and Trial: March 20, 2023.[2]  On March 9, 2023, the State filed a joint continuance request due to co-defendant counsel's conflict with the March 20, 2023 trial date.[3]  The parties requested trial be continued to May 22,

---

[1] *See* Superior Court Criminal Docket, case 2203013250, Docket Item ("D.I. __") 4.
[2] D.I. 8.
[3] D.I. 16.

2023.[4] The Court approved the request, and trial was rescheduled for May 22, 2023.[5]

On May 10, 2023, the State proposed Detective Skrobot, the officer who conducted the search warrant, testify out of turn for medical reasons.[6] Subsequently, on May 22, 2023, the State filed a trial continuance request due to the unavailability of the State's witness, Detective Skrobot. Prior to requesting the continuance, the State suggested to Mr. Boykin's counsel that Detective Skrobot's testimony be admitted through the Chief Investigation Officer.[7] Mr. Boykin did not agree to the State's proposal but did not oppose the State's continuance request. Trial was then rescheduled for September 11, 2023, despite the State informing the Court that Detective Skrobot would not be available on the proposed trial date.[8] Although Detective Skrobot was unavailable to testify in-person, the State proposed that Detective Skrobot testify remotely.[9] Mr. Boykin opposed.[10] The State, then filed another trial continuance request and requested a specially assigned judge for scheduling purposes.[11] Mr. Boykin did not oppose the State's requests.[12]

---

[4] *Id*.
[5] D.I. 19.
[6] State's Response at Ex. A. Detective Skrobot's wife was expecting a baby the week of trial. *Id*.
[7] *Id*.
[8] D.I. 25 and State's Response at Ex. C.
[9] *See* State's Response at 3.
[10] *Id*.
[11] D.I. 26.
[12] *See* State's Response at 4.

On August 31, 2023, this judge was assigned and on October 19, 2023, an in-person scheduling conference was held.[13] Based on the availability of all parties, trial was set for March 4, 2024.[14] During the scheduling conference, Mr. Boykin's counsel stated that he would file a motion for speedy trial.[15] The Court asked if Mr. Boykin previously raised his speedy trial rights, and his counsel stated he had not.[16]

## III.   STANDARD OF REVIEW

The Sixth Amendment to the Constitution of the United States provides: "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial…."[17] The Constitution of the State of Delaware provides a nearly identical right.[18] A defendant's speedy trial rights attach upon the date of his arrest or indictment, whichever occurs first.[19] To determine whether a defendant has been deprived of his right to a speedy trial, four factors must be considered: (i) the length of delay; (ii) the reason for delay; (iii) the defendant's assertion of their right; and (iv) the prejudice to the defendant (the "*Barker* factors").[20] No individual factor is

---

[13] D.I. 28.
[14] D.I. 29.
[15] D.I. 28 and 30.
[16] D.I. 28.
[17] U.S. CONST. amend. VI.
[18] DEL. CONST. art. I, § 7 ("In all criminal prosecutions, the accused hath a right ... to have ... a speedy and public trial....").
[19] *Brodie v. State*, 2009 WL 188855, at *3 (Del. Jan. 26, 2009) (quoting *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002)).
[20] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

conclusive.[21]  Instead, the four factors are related "and must be considered together with such other circumstances as may be relevant."[22]  Thus, in weighing the factors, courts must engage in a "difficult and sensitive balancing process,"[23] weighing "the conduct of both the prosecution and the defendant."[24]  The Court will examine each factor in turn.

## IV.   ANALYSIS

### A.   Length of Delay

Mr. Boykin contends that the almost two-year delay between his arrest and scheduled trial violates his constitutional right to a speedy trial; therefore, the only remedy is to dismiss all charges currently pending.[25]  Until the length of delay is determined to be "presumptively prejudicial," it is unnecessary to consider the additional *Barker* factors.[26]  The Delaware Supreme Court has previously held that "if the delay between arrest or indictment and trial approaches [or surpasses] one year, then the Court will generally consider the additional factors.[27]  Mr. Boykin was

---

[21] *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002) (citing *Barker*, 407 U.S. at 533).
[22] *Id.*
[23] *Barker*, 407 U.S. at 533.
[24] *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002) (citing *Barker*, 407 U.S. at 530).
[25] D.I. 30.
[26] *Rivera v. State*, 292 A.3d 111 WL 1978878 (Del. 2023) (citing *Barker*, 407 U.S. at 530).
[27] *Cooper v. State*, 2011 WL 6039613, at *7 (Del. 2011).

arrested on April 7, 2022, and due to scheduling conflicts with his co-defendant's counsel and the State's witness, the trial has been continued to March 4, 2024. The State concedes that the length of delay is presumptively prejudicial. Due to the almost two-year delay in this matter, this factor weighs in favor of Mr. Boykin and this Court will consider the remaining *Barker* factors.

## B. Reason for the Delay

The Delaware Supreme Court has stated that "different weights are assigned to different reasons for the delay."[28] "A deliberate attempt to delay [] trial in order to hamper the defense should be weighted heavily against the government."[29] More neutral reasons, however, should be weighted less heavily, but still considered since the ultimate responsibly for such circumstances must rest with the government.[30] A valid reason, such as the disappearance or illness of an important witness, or an event over which the prosecution has no control supports an appropriate rescheduling of the proceedings.[31]

Here, the first delay was the result of a joint continuance request due to a scheduling conflict with Mr. Boykin's co-defendant's counsel. Accordingly, both sides were responsible for the first delay. Two months lapsed between the first

---

[28] *Middlebrook v. State*, 802 A.2d 268, 274 (Del. 2022); *See also*, *Barker v. Wingo*, 407 U.S. 514, 531 (1972).
[29] *Barker*, 407 U.S. at 531 (citations omitted).
[30] *Id*. at 531.
[31] *Key v. State*, 463 A.2d 633, 636 (Del. 1983).

scheduled trial date and the second scheduled trial date. Three months lapsed between the second scheduled trial date and the third scheduled trial date. The second and third delays were the result of an unavailable State witness. Mr. Boykin did not oppose either delay. Before the second delay, however, the State attempted to cure its witness unavailability issue by proposing the Chief Investigating Officer testify in place of the unavailable witness. Mr. Boykin objected. Before the third trial continuance request, the State again attempted to cure its witness unavailability issue by having the witness testify remotely. Mr. Boykin opposed. The true impetus for the third delay is more attributable to Mr. Boykin rather than the State. The State was prepared to go forward with trial on September 11, 2023, but Mr. Boykin opposed, which required the trial to be moved. Mr. Boykin cannot prolong the matter then claim infringement on his right to a speedy trial.

After the instant case was specially assigned, the parties agreed on the current trial date. The five-month delay between the third trial date and the current trial date is attributable to the Court and parties' availability for trial. As there was no attempt by the State to hamper Mr. Boykin's defense, this factor will not be heavily weighted. Nonetheless, this factor weighs in favor of Mr. Boykin.

### C. Assertion of the Right to a Speedy Trial

The Delaware Supreme Court has explained that "the defendant's assertion of his speedy trial right … is entitled to strong evidentiary weight in determining

7

whether the defendant is being deprived of the right."[32] "If and when a defendant asserts his rights are factors of considerable significance in determining whether there has been a speedy trial violation."[33]

Mr. Boykin did not assert his right to a speedy trial, either directly or inferentially, until the scheduling conference with the Court on October 19, 2023.[34] At the scheduling conference, Mr. Boykin's counsel advised the Court that he intended to file a motion for speedy trial.

Mr. Boykin's initial assertion came more than eighteen months from the date of his arrest. During those eighteen months, Mr. Boykin could have asserted his right at any time during the pendency of the case. This does not mean that Mr. Flowers has forfeited his right to a speedy trial. Instead, his failure to assert that right at an earlier time and acquiesce to the continuance requests weigh against him. Therefore, this factor weighs in favor of the State.

**D.     Prejudice Resulting to the Defendant from the Delay**

The fourth factor is prejudice to the defendant. "This factor should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect."[35] Those interests as: (i) preventing oppressive pretrial

---

[32] *Id.*

[33] *Middlebrook v. State*, 802 A.2d at 275 (citing *Bailey v. State*, 521 A.2d 1075 (Del. 1987).

[34] D.I. 28.

[35] *Barker,* 407 U.S. at 532.

incarceration; (ii) minimizing anxiety and concern of the accused; and (iii) limiting the possibility that the defense will be impaired.[36] The most serious of these interests being the last, "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system."[37]

Mr. Boykin contends that due to his pretrial incarceration, he has lost employment and housing, is experiencing stress and anxiety stemming from the charges, and the delays may impair his defense.[38] Mr. Boykin has been incarcerated for almost two years. Except for the last few months, this time can be attributed to continuance requests sought by the State, one of which Mr. Boykin joined and the other two he did not oppose. Mr. Boykin's own silence suggests that he did not suffer oppressive pretrial incarceration, or any undue anxiety related to the delay. Additionally, the Delaware Supreme Court has recognized that all defendants face some degree of anxiety while awaiting trial, whether incarcerated or not.[39] This does not constitute prejudice unless the defendant shows excessive concern or anxiety.[40] Mr. Boykin has presented no evidence that he has suffered an unusual amount of anxiety or prejudice due of the delay. Finally, Mr. Boykin's statement that his

---

[36] *Id.*

[37] *Id.*

[38] D.I. 30.

[39] *Fensterer v. State*, 493 A.2d at 966-67; *Stovall*, 1998 WL 138931, at \*4.

[40] *Id.; Rodriguez*, 2021 WL 1221461, at \*6; *see also Cooper*, 2011 WL 6039613 ("The second interest does not weigh in Cooper's favor, as Cooper has not alleged excessive concern or anxiety").

9

defense may be impaired by the delays does not satisfy the fourth *Barker* factor. Indeed, due to the unopposed continuances, Mr. Boykin has had additional time to prepare for his upcoming trial. Mr. Boykin has not shown that the delays caused or will cause any impairment to his defense. Therefore, this last factor weighs in favor of the State.

## V.   CONCLUSION

After carefully analyzing and balancing the *Barker* factors, the Court finds Mr. Boykin's right to a speedy trial has not been violated. The third and fourth factors outweigh the first two factors. Importantly, the State has not attempted to hamper Mr. Boykin's defense, and Mr. Boykin did not assert any objections to the three continuance requests. Mr. Boykin's Motion for Speedy Trial is therefore **DENIED**.

**IT IS SO ORDERED.**

*/s/ Patricia A. Winston*
**Judge Patricia A. Winston**